[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15835
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

Agency No. A088-341-645

MARIELA ALICIA NORIEGA BARRETO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 12, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Mariela Alicia Noriega Barreto, a native and citizen of Colombia,

seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture ("CAT"). On appeal, Noriega Barreto argues that the BIA erred in denying her applications for asylum and withholding of removal on the ground that the phone calls, vandalism, and attack she was subjected to by supporters of the Revolutionary Armed Forces of Colombia ("FARC") did not constitute past persecution. Alternatively, Noriega Barreto argues that the record established that she had a well-founded fear of future persecution. Noriega Barreto further argues that the IJ's decision was contradictory because even though the IJ found her testimony to be credible,[1] the IJ noted that she failed to provide corroborating evidence to support her claim.

Because, in this case, the BIA wrote a separate decision and did not expressly adopt the IJ's opinion, we review only the BIA's decision. *See Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (holding that where the BIA issues its own opinion and does not adopt the IJ's opinion, this court reviews the BIA's decision). In deciding whether to uphold a BIA's administrative decision,

---

[1] Noriega Barreto does not raise any argument in her brief regarding the denial of her application for CAT relief, so she has abandoned that issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

we are limited to the grounds on which the BIA relied. *See Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) (*en banc*) (refusing to consider facts found by the IJ when the BIA chose not to address those facts because this court is only permitted to consider reasons advanced by the BIA in its order). The BIA is expected to apply its expertise first, subject to our review, and we ordinarily will not reach a question that the BIA declined to address. *See INS v. Ventura*, 537 U.S. 12, 16-17, 123 S. Ct. 353, 355-56, 154 L. Ed. 2d 272 (2002). Because the BIA's opinion did not address the credibility of the evidence Noriega Barreto presented or the effect that her failure to provide corroborating evidence had, we will not address this issue. *See id.*

We review the BIA's conclusions of law *de novo*, but review findings of fact for substantial evidence to support them. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). "Our review for substantial evidence is highly deferential." *Id.* at 1351. "We view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* (internal quotation marks and alteration omitted). We may not "re-weigh the evidence from scratch" and must affirm the agency's decision if "it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). "Under this highly deferential standard of review, the [agency's] decision can be reversed only if the

3

evidence compels a reasonable fact finder to find otherwise." *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1289-90 (11th Cir. 2006) (internal quotation marks omitted). "The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Kazemzadeh*, 577 F.3d at 1351 (internal quotation marks omitted).

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by 8 U.S.C. § 1101(a)(42)(A). INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status, and thereby establishing asylum eligibility. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "To establish asylum [eligibility] based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." *Silva v. U. S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotation marks omitted). "To establish eligibility for asylum based on a

4

well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." *Id.* (internal quotation marks and internal citation omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Sepulveda*, 401 F.3d at 1231. "[O]nly in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution." *Silva*, 448 F.3d at 1239.

"Not all 'exceptional treatment' constitutes persecution." *Diallo*, 596 F.3d at 1333. Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Id.* (internal quotation marks omitted). The BIA must consider the cumulative effects of the incidents in order to determine whether an alien has suffered past persecution. *Id.* We have rejected a rigid requirement that requires physical injury in order to establish persecution. *See Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1233 (11th Cir. 2007) (holding that "attempted murder is persecution," despite lack of physical injury). However, "mere harassment does not amount to persecution." *Id.* at 1232 (internal quotation marks omitted). "We may consider a threatening act against another as evidence that the petitioner suffered persecution where that act concomitantly threatens the petitioner." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009

n.7 (11th Cir. 2008).

A brief detention coupled with only minor bruising does not establish persecution. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008). Similarly, we have held that where an alien was interrogated and beaten for five hours, detained for four days, but did not prove that he suffered physical harm, the record did not compel a finding that the alien suffered persecution. *Kazemzadeh*, 577 F.3d at 1353. We have also held that evidence showing menacing telephone calls to the petitioner and threats to the petitioner's family did not compel a finding that the petitioner suffered past persecution. *Sepulveda*, 401 F.3d at 1231.

However, we have held that a minor beating, a detention of 11 hours, and a credible death threat by a person who had the immediate ability to act on it constituted persecution. *Diallo*, 596 F.3d at 1333-34. Similarly, we have held that death threats, two physical attacks, the torture and murder of a family friend who refused to give information on the alien's whereabouts, and being beaten, kidnapped, and warned of her imminent murder constituted persecution, even though the alien suffered only relatively minor physical injuries. *De Santamaria*, 525 F.3d at 1009-10. Thus, serious physical injury is not required to show past persecution "where the petitioner demonstrates repeated threats combined with other forms of severe mistreatment." *Id.* at 1009. We also have found past persecution where, due to their political activity, the petitioners received

6

threatening telephone calls, had unloaded guns pointed and fired at them by masked men who told them they would be killed if they continued their political speech, one petitioner's car was vandalized, and one of the petitioners was beaten until he was nearly unconscious. *Delgado v. U. S. Att'y Gen.*, 487 F.3d 855, 859, 861 (11th Cir. 2007); *See also Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257-58 (11th Cir. 2007) (holding that direct "threats and attempted attacks over an 18 month period, which culminated when [the petitioner was] stopped on a roadway by three armed members of the FARC, who threatened *Mejia* at gunpoint, threw him to the ground, and smashed him in the face with the butt of a rifle, breaking his nose," constituted persecution).

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). If a petitioner is unable to meet the standard of proof for asylum, she is generally precluded from qualifying for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

The record does not compel the conclusion that Noriega Barreto suffered past persecution. Because substantial evidence supports the BIA's conclusion that Noriega Barreto did not suffer past persecution or have an objectively reasonable well-founded fear of future persecution, we find that the BIA correctly concluded

7

that she was ineligible for asylum.  We also conclude from the record that Noriega

Barreto has failed to establish eligibility for withholding of removal under the INA,

as it carries a higher burden of proof than asylum claims.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**